Grover, J.
The county judge held that no person who had signed a petition for bonding the town could withdraw therefrom after its presentation to the judge, although demanding to have his name struck therefrom before the testimony was closed. On this ground he included such persons, in determining whether a majority of the tax-payers of the town and who were assessed for a majority of the taxable property of the town according to the last assessment roll, among the petitioners for bonding the town. This is an important question, not only in this, but in a great number of cases arising upon the acts providing for the bonding of municipal corporations for aiding the construction of railroads. There is no material difference as respects this question between chap. 907, Laws of 1869, and chap. 925, Laws of 1871. It is unnecessary for the decision of this question to determine whether the proceedings in this case are to be governed by the former or latter act. Section one of the former act, among other things, provides that whenever a majority of the tax-payers of any municipal corporation in the State, whose names appear upon the last preceding tax-list or assessment roll as owning, etc., a majority of the taxable property in the corporate limits of such corporation, shall make application to the county judge of the county in which such corporation is situated, by petition, verified by one of the petitioners, setting forth that they are such a majority of tax-payers and represent such a majority of taxable property, and that they desire that such corporation shall create and issue its bonds to an amount named in such petition, etc., that the judge shall order a notice to be published, etc., setting forth that on a day therein named he will proceed to take proof of the facts set forth in said petition as to the number of tax-payers joining in such petition and as to the amount of taxable property represented by *298 them. Section two provides that the judge, at the time and place specified in the notice, shall proceed to take proof as to' the allegations in said petition, and if it shall appear satisfactorily to him that said petitioners, or the said petitioners and such other tax-payers of said town as, may then and there appear before him and express a desire to join as petitioners-in said petition, do represent a majority of the tax-payers of such corporation, as shown by last preceding tax-list or assessment roll, and do represent a majority of the taxable property upon said list or roll, he shall so adjudge. It will be seen that by section one a majority of the tax-payers, etc., are to apply to the county judge. These tax-payers are joint and several applicants to him. Each one is a voluntary actor for himself. No one has a right to compel him to become or continue an applicant to the judge. It can hardly be claimed that signing his name to a petition, perhaps months before, obliges him to become an applicant or suitor to the judge. Had the requisite number signed a petition, and before its presentation to the judge all had concluded to abandon the project and not present the petition to the judge, no one can compel them to do so. Should a majority of those signing, or any number, desire to withdraw from the petition and become opposed to bonding, no one can compel them to become applicants therefor to the judge. This application is to be made by petition, and this petition is to be verified' by one of the petitioners setting forth that they are such a majority of tax-payers, etc., and that they desire that such corporation shall create and issue its bonds, etc. Who desire? Not the petitioner verifying, but all whose names are signed to the petition. When desire ? Obviously at the time of making the verification. A petitioner who should make the verification with knowledge that so many of the signers were at the time opposed to bonding that the residue did not constitute a majority of the tax-payers, and own or represent a majority of the taxable property, as appeared by the roll, would be guilty of perjury: He swears, not that they had theretofore signed a petition expressing a desire to bond the corporation, but that *299 they then desire such bonding. This verification speaks as of the time of presenting the petition. This clearly shows that any one signing the petition has an undoubted right to withdraw therefrom before its presentation to the judge. After withdrawing, no one can truthfully swear that he desires to bond the corporation. The petition, so far as the name of any petitioner is concerned, is his paper before presentation to the judge, and he has a perfect right to have his name erased therefrom, and cannot be compelled to go on and become an applicant to the judge for the bonding against his will. The language of the section cannot be so construed. The clear intention manifested thereby is to leave the signers perfect freedom either to go on or abandon the project, at least until after the presentation of the petition to the judge. The question in the present case is, can a petitioner, after signing the petition and becoming an applicant by its presentation to the judge, thereafter, and before the testimony is closed, withdraw as an applicant, and have his name and taxable property excluded from the computation of the applicants. It is said that he cannot, for the reason that the scheme provided by the statute is to enable the tax-payers to vote upon the question of bonding, and that signing the petition is equivalent to casting a ballot in the affirmative, and that a signer is concluded by signing, the same as a voter at an election by actually handing in and having his ballot deposited in the box. I am unable to see any analogy in the cases. Ho one has any interest in the petition except the signers. Suppose after its presentation they all agree to withdraw the application, can any one else claim to intervene, take charge of the case, introduce witnesses % Clearly not, because it is the proceeding of the applicants, of which they have the right of exclusive control, just as much as parties to other proceedings authorized by law. Until a final submission of the case to the judge, it is for the applicants to determine what further, if anything, shall be done in the matter. To hold otherwise would make "this an exception, to every other legal preceding. Until the public, or some one else, has acquired some vested *300 interest therein, such proceedings are subject to the control of the actors. The law requires votes to be counted as actually east. When cast, the public acquire the right to have them so counted. This right is paramount, and necessarily deprives the elector of all future control of the ballot cast by him. But no right is acquired by the public or any one else by the presentation of the petition to the judge to have the proceedings prosecuted to a judgment. The statute confers a privilege upon the majority to incumber their own and the property of the minority, to the extent of one-fifth of its value, to aid the construction of some particular railroad. It confers no right upon any one else to insist that when the proceedings have been commenced by the majority for bonding the corporation they shall go on to completion.
It is further urged that a tax-payer, by signing the petition, is estopped by the relation thus entered into with the other signers from thereafter withdrawing therefrom, Lake Ontario, etc., R. R. Co. v. Mason (16 N. Y., 451) is cited in support of this position. In this case it was held that one signing the articles of association for the creation of a corporation, under the general railroad act, and thereby agreeing to take and pay for a specified amount of stock, could not thereafter revoke his subscription. The relations created by the initiatory proceedings to form a corporation are entirely different from those of the signers to the petition. By the former the right to stock in the corporation when formed was acquired, and this the court held a sufficient consideration for the subscription. But a signer of the petition acquired no right and conferred none upon any other thereby. It was but the commencement of the exercise of his privilege to apply for the bonding of the corporation, and this commencement conferred no right upon any other to compel him thereafter to apply to the judge and persist in such application. It is also said that to permit him to withdraw would be a fraud upon the other signers. But they have no vested right to have the town bonded before judgment is given by the judge. All the right that any one *301 has, is to have his own name counted and his taxable property computed by the judge in determining the case.
It is argued that the right given to appear upon the hearing and request to unite in the petition, while the statute makes no provision-for the withdrawal therefrom of those who have signed, shows that the legislature did not intend that the latter should have any such right, or it would have been expressed in the statute. The answer to this is, that the statute having provided that the applicants should present their petition before any action by the judge, no others could unite therein after such action taken, unless the statute had expressly made provision therefor, while any of the petitioners could exercise the right of all petitioners to withdraw as such before any one else had acquired a vested interest to have the corporation bonded, and thus it might happen that those wishing to bond, having secured signatures sufficient to accomplish the object, might abstain from procuring others favorable thereto, and then be defeated by withdrawals upon the hearing, notwithstanding a majority were in favor, could they be heard. It was to prevent this that the right of uniting during the hearing was given. It was not necessary that the statute should give the right to withdraw. This right the law gives petitioners, unless prohibited by the statute.
It is said that the others may have been induced to incur expense upon the faith of his signature in the further prosecution of the proceedings.
The answer to this is, that if any of them have incurred expense, it was on their own account, and in furtherance of their own purposes. Signing the petition conferred no right upon another to expend money on the faith of the signature. Ho such inference can fairly be made.
A signer cannot be estopped from withdrawing upon the ground that he has induced another to act upon the faith of his signature, who will be prejudiced thereby. Besides, signing the petition is only a representation that he is then in favor of bonding. It is not a promise that he will remain so, or that he will not exercise his right to with *302 draw in case he changes his mind upon further information. A signer'is no more estopped from withdrawing than one would he from uniting as a petitioner upon the hearing by proof that some one had been induced to incur expense in opposing the project by his‘declarations that he would not so unite.
In re Taxpayers of Greene (38 How., 515) it was said by the county judge that in case the petitioners had a right to withdraw their consent at any time before the hearing closed, the proceeding would scarcely attain the dignity of a political caucus. The judge draws a strong picture of a scene of repeated changes from, side to side during the hearing, in case it was allowed. With deference to the judge, I can see no danger from the allowance of the privilege. I think that persons who can continue to own taxable property under the present rate of taxation may. as safely be allowed the privilege of .saying before the county judge upon the hearing that they do not want the corporation bonded, although having signed, the petition, as others, who perhaps have repeatedly refused to sign, to say that they do desire to have it bonded, and thus become applicants therefor. I think it entirely, safe to permit the, tax-payers of. .a • town to declare their wishes before the county judge in this respect, and have effect given to such declarations, and that under such a rule a much more satisfactory result would be obtained than under a one-sided rule which permits additions to the petitioners of those who wish to unite, but of no subtraction therefrom of those, who wish, to withdraw. The former rule will prevent the necessity of introducing a mass of evidence, as was done in the present case, tending to show that numbers had- been induced to sign the petition by fraudulent representations; by representations that if they did not sign, the railroad would adopt the stone-mills route, and if they did, it would take the route to Theresa.
At the hearing both sides may he heard, while generally at time of signing there has been nothing but a highly favorable, statement of one side heard. The allowance *303 of the right to withdraw will tend to prevent fraud in procuring signatures, as signatures so procured would be almost certain to become useless by the exercise of the right by the person so induced to sign. But irrespective of the question as to whether the law ought to give this right to the signers, it having been given, the courts must enforce it. The legislature should not be assumed to have intended to give such an undue advantage to those wishing to incumber their neighbors’ property against their will as to permit them to add to the petitioners those that may change their minds in their favor, and at the same time deny the right to the other side of deducting therefrom those who, upon mature consideration, have changed the other way. The statute has not done this. On the contrary, it has made provision for a fair and equal contest, before the judge, between the friends and opponents of bonding, by permitting every tax-payer freely to take the side he chooses upon the hearing, irrespective of what he may have said or done before. For the error of the county judge in refusing to permit signers of the petition to withdraw therefrom the judgment ' must be reversed, unless it. clearly appears that the result must have been the same had he decided the other way. On the contrary, it appears that had those who requested to withdraw as petitioners been allowed to do so and their property excluded from the computatioñ of that of the petitioners, after the other proper deductions therefrom were made, the petitioners failed to show that they owned or represented a majority of the taxable property of the town as appeared from the last assessment rpll. There are other important questions presented in the case, but as the one already considered necessarily leads to. a reversal of the judgment, they will not be considered or passed upon.
The judgment of. the Supreme Court and of the county judge must be reversed, and an order entered by the latter dismissing the application.
All concur, except Folgee, J., not voting.
Judgment reversed, and order accordingly.